**David COLAN, Plaintiff,**

v.

**CUTLER–HAMMER, INC., a Delaware Corporation, Eaton Corporation, an Ohio Corporation, and Koppers Company, Inc., a Delaware Corporation, Defendants.**

**No. 80 C 4118.**

United States District Court, N. D. Illinois, E. D.

July 1, 1981.

Leo M. Bleiman, P. C., Chicago, Ill., for plaintiff.

Bell, Boyd, Lloyd, Haddad & Burns, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

The plaintiff, David Colan, a security holder of Eaton Corporation (Eaton), brings this claim on behalf of Eaton and Cutler-Hammer, Inc. (Cutler-Hammer) for recovery of short swing profits realized by defendant Koppers Company, Inc. (Koppers) allegedly in violation of section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b). Before the court is the defendant Koppers' motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6), Fed.R. Civ.P. For the reasons hereinafter stated, the defendant's motion to dismiss is denied.

The plaintiff alleges that on April 10, 1978, defendant Koppers purchased 650,000 shares of Cutler-Hammer preferred stock pursuant to a stock acquisition agreement between defendant and Cutler-Hammer. These shares were convertible into an equal number of shares of Cutler-Hammer common stock and this purchase represented approximately 9.9% of Cutler-Hammer's capital stock. During the four-day period, April 10 through April 13, 1978, Koppers entered the open market and continued to purchase shares of Cutler-Hammer common stock. On May 31, 1978, Koppers converted its shares of preferred stock into common. As a result of the aforementioned transactions, Koppers became the owner of 21% of the outstanding Cutler-Hammer common stock. The total price paid by Koppers for its Cutler-Hammer stock was $62,101,513.

At all times relevant to the complaint, Mr. Edmund Fitzgerald, the Chairman and Chief Executive Officer of Cutler-Hammer, was also a member of the Board of Directors of Koppers.

In addition, the plaintiff has alleged that on June 26, 1978, Eaton and Cutler-Hammer entered an agreement of merger and plan of reorganization which provided for the merger of a wholly owned subsidiary of Eaton with, and into, Cutler-Hammer. Pursuant to this agreement, Cutler-Hammer became a wholly owned subsidiary of Eaton on January 2, 1979. Koppers sold its Cutler-Hammer stock in December, 1978 for $80,765,000. Plaintiff has alleged, however, that for purposes of section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C.

§ 78p(b), the effective date of this "sale" was August 23, 1978, or in the alternative, September 1, 1978, when Eaton and Cutler-Hammer became irrevocably bound to the merger. The plaintiff acknowledges that Koppers was unable to control the course of events leading to the merger.

The defendant argues, relying principally upon *Kern County Land Co. v. Occidental Petroleum Corp.*, 411 U.S. 582, 93 S.Ct. 1736, 36 L.Ed.2d 503 (1972), that the plaintiff has failed to allege a "sale" within the ambit of section 16(b) of the Act. In support of this position, the defendant contends that the actual transfer of ownership of the stock did not take place within six months after its purchase, and further contends that its inability to control the sequence of events related to the merger, brings it outside of the sweep of section 16(b). The plaintiff argues that the date of "sale" should be determined with reference to the underlying policy of the provision, to prevent the realization of short swing profits based upon access to inside information, and that consistent with this policy, the date of "sale" should be considered as the date upon which Eaton and Cutler-Hammer became irrevocably bound to the merger.

Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b) provides that officers, directors, and holders of more than 10% of the publicly listed stock of a company shall be liable to the company for any profits realized from any purchase and sale or sale and purchase of such stock within a six month period. In determining whether a particular transaction falls within the ambit of section 16(b), the court must inquire whether the transaction "may serve as a vehicle for the evil which Congress sought to prevent—the realization of short swing profits based upon access to inside information..." *Kern County Land Co. v. Occidental Petroleum Corp.*, 411 U.S. 582, 594, 93 S.Ct. 1736, 1744, 36 L.Ed.2d 503 (1972). Therefore, "[i]n interpreting the terms 'purchase' and 'sale' courts have properly asked whether the particular type of transaction involved is one that gives rise to speculative abuse." *Reliance Electric Co. v. Emerson Electric Co.*, 404 U.S. 418, 424, 92 S.Ct. 596, 600, 30 L.Ed.2d 575 (1972).

In *Kern*, the Court addressed the question of whether an exchange of stock by a defeated tender offerer, Occidental Petroleum Corp., made pursuant to a defensive merger agreement entered by the target company, Kern County Land Co., with its defensive ally, Tenneco Inc., subjected the defeated offerer to section 16(b) liability. *Kern, supra* 411 U.S. at 596, 93 S.Ct. at 1745. The Court concluded that the transaction must be viewed as having occurred on the date that Occidental became irrevocably entitled to exchange its shares of old Kern stock for shares of Tenneco preferred. *Kern, supra* at 596, 93 S.Ct. at 1745. The Court reasoned, however, that the transaction should not be viewed as a "sale" for purposes of section 16(b) liability where the tender offerer exercised no control over the course of the merger, and there was no possibility of speculative abuse of inside information. *Kern, supra* at 600, 93 S.Ct. at 1747.

The defendant's reliance upon *Kern County Land Co. v. Occidental Petroleum Corp.*, 411 U.S. 582, 93 S.Ct. 1736, 36 L.Ed.2d 503 (1972) is misplaced. In the present case, it is undisputed that Koppers exercised no control over the course of events leading to the merger between Eaton and Cutler-Hammer, however, at this point the similarity to *Kern* ends. Unlike the circumstances presented in *Kern*, defendant Koppers was not a defeated tender offerer, but an ally in Cutler-Hammer's campaign to retain control. *See Tyco Laboratories v. Cutler-Hammer, Inc.*, 490 F.Supp. 1 (S.D.N.Y.1980). In addition, the presence of Edmund Fitzgerald on the Board of both Koppers and Cutler-Hammer leads the court to believe that there exists a strong possibility for speculative abuse of inside information. Under the circumstances presented, the court is bound to determine the date of "sale" as that date most consistent with the policy of section 16(b). For the purpose of this motion to dismiss, the court finds that August 23, 1978, the date alleged by plaintiff to be the point at which Eaton and Cutler-Hammer were irrevocably bound to the merger, was the

date of sale. *Kern County Land Co. v. Occidental Petroleum Corp.*, 411 U.S. 582, 93 S.Ct. 1736, 36 L.Ed.2d 503 (1972); *cf. Bershad v. McDonough*, 428 F.2d 693 (7th Cir. 1970).

For the reasons stated, the defendant's motion to dismiss is DENIED.

IT IS SO ORDERED.